IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BRYAN ALLEN DONALDSON,          *

    Plaintiff,          *

vs.          *

                            CASE NO. 4:14-CV-256 (CDL)

OLD REPUBLIC INSURANCE COMPANY, *

    Defendant.          *

_____          *

O R D E R

Plaintiff Bryan Allen Donaldson was involved in an automobile accident with an eighteen-wheel tractor-trailer. The driver of the tractor-trailer was insured by Defendant Old Republic Insurance Company ("Old Republic"). Alleging that the driver of the tractor-trailer was negligent, Donaldson sued Old Republic directly in the Superior Court of Muscogee County pursuant to Georgia's Direct Action Statute, O.C.G.A. §§ 40-1-112(c) and 40-2-140(d)(4). Old Republic timely removed the action to this Court based on diversity of the parties. Old Republic now moves to dismiss the action, contending that Alabama law applies, and that Alabama law does not authorize a direct action against an insurance carrier until the injured party obtains a judgment against the insured. The Court agrees: Alabama law applies, and Donaldson's claim against Old Republic

is premature.    The Court, therefore, dismisses Donaldson's claim.

DISCUSSION

For purposes of this motion, the following is undisputed: the motor vehicle accident giving rise to this action occurred in Auburn, Alabama, and Donaldson has not obtained a judgment against the allegedly negligent driver insured by Old Republic. Georgia law permits a direct action against an insurance carrier under these circumstances, but Alabama law does not.  If Georgia law applies, this action may proceed.   If Alabama law applies, it must be dismissed.

A federal court sitting in diversity uses the choice-of-law rules of the state in which it sits.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  The Court, therefore, looks to Georgia's choice-of-law rules.  Under those rules, the Court first determines whether the issue is procedural in nature.  If it is, the principle of *lex fori* requires the Court to apply the law of the forum.  *Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., Inc.*, 468 F.3d 1322, 1325 (11th Cir. 2006) (per curiam).  *Id.*  If the issue is not procedural, then the Court must determine the nature of the action.  In tort cases, the Court uses the law of the state where the tort occurred, according to the rule of *lex loci delicti*.  *Id.*  If the dispute involves the validity, nature, construction, or

2

interpretation of a contract, then the Court applies the principle of *lex loci contractus* and uses the law of the state where the contract was formed. *Id.*

## I.  Is The Issue Procedural?

Donaldson brings this action pursuant to Georgia's direct action statute, which provides that an injured party can "join in the same action the motor carrier and the insurance carrier." O.C.G.A. § 40-1-112(c); *see also* O.C.G.A. § 40-2-140(d)(4). Donaldson contends that the direct action statute is a procedural rule because it allows an injured party to join an insurance carrier to a suit against the insured.  Donaldson points to various cases describing the direct action statute, when used as a joinder mechanism, as procedural. *See, e.g.,* *Johnson v. Woodard*, 208 Ga. App. 41, 46, 429 S.E.2d 701, 705 (1993) (Beasley, J., concurring in part and dissenting in part) ("Whether joinder is allowed is a matter of procedure[.]"). Thus, Donaldson contends that this dispute raises a procedural issue, and that the rule of *lex fori* therefore requires the Court to apply Georgia law to the dispute.

The Court concludes that Georgia's direct action statute is both procedural and substantive.  The statute allows an injured party to join an insurance carrier to an action against the insured.  But it also creates a separate cause of action against an insurance carrier, because it allows an injured party to

recover a judgment directly against the insurance carrier without first obtaining a judgment against the insured. In the latter situation, the Court finds that the question of whether an injured party may bring a separate suit against an insurance carrier directly without first obtaining a judgment against the insured is not sufficiently procedural to warrant application of this forum's law. Little case law exists on this issue, but the few federal district courts in Georgia that have addressed the issue reached a similar conclusion. *See Shapiro v Aetna Cas. & Sur. Co.*, 234 F. Supp. 41, 42 (N.D. Ga. 1963) (declaring Louisiana's direct action statute substantive, rather than procedural, in nature); *see also Hidalgo v. Ohio Sec. Ins. Co.*, Civil Action No. 4:10-CV-183-HLM, 2011 U.S. Dist. LEXIS 46002, at *9 (N.D. Ga. Feb. 24, 2011) (interpreting a dispute brought pursuant to Georgia's direct action statute as a suit sounding in tort, not as one raising a procedural issue).

## II. Is the Claim Based in Tort or Contract?

Because the issue of whether Donaldson can sue Old Republic directly is not procedural, the Court next must determine whether Donaldson's claim sounds in contract or tort. Donaldson argues that the claim sounds in contract because he is a third-party beneficiary to the contract between the insurance carrier and the insured. Notwithstanding Donaldson's status as a third-party beneficiary, the present dispute does not involve the

validity, nature, construction, breach, or interpretation of the insurance contract. Donaldson's direct action claim may implicate the underlying insurance contract—the contract provides funds to satisfy the judgment—but the claim is not based in contract. *See Federated*, 468 F.3d at 1325-26.

Donaldson's claim is based on the tortious conduct of Old Republic's insured. "While the cause of action . . . is not on the tort, nevertheless the tort constitutes the real cause of action, and the liability of the insurance carrier on its policy, issued as required by law, is merely ancillary . . . ." *Addington v. Ohio S. Express, Inc.*, 118 Ga. App. 770, 771-72, 165 S.E.2d 658, 659 (1968) (internal quotation marks omitted); *see also Md. Cas. Co. v. Dobson*, 57 Ga. App. 594, 594, 196 S.E. 300, 302 (1938). Consequently, under the principle of l*ex loci delicti,* the Court applies the law of the state where the tort occurred.

Donaldson was injured in a car accident in Auburn, Alabama. The Court, therefore, must apply Alabama law. "[A] direct action against an insurance carrier [is] not allowable under Alabama law because an injured party cannot bring a direct action against the insurance carrier, absent a final judgment against its insured." *State Farm Mut. Auto. Ins. Co. v. Brown*, 894 So. 2d 643, 648 (Ala. 2004) (internal quotation marks omitted); *see also* Ala. Code § 27-23-2. Here, Donaldson

attempts to bring a claim against Old Republic without first obtaining a final judgment against its insured. Alabama law does not recognize this cause of action. Consequently, the Court must dismiss Donaldson's action.

### III. Georgia's Public Policy Exception

Donaldson argues that even if traditional choice-of-law principles support the application of Alabama law, the Court should not apply Alabama law because it is contrary to the public policy of the state of Georgia. In limited circumstances, courts applying Georgia law will displace the traditional choice-of-law analysis for the sake of fidelity to Georgia's public policy. But this dispute does not call for such extreme action—application of Alabama law to this dispute does not substantially violate Georgia public policy.

Under Georgia law, courts do "not apply the substantive law of the place where the tort was committed if application of the foreign law 'contravenes [Georgia's] established public policy . . . .'" *Alexander v. Gen. Motors Corp.*, 219 Ga. App. 660, 661, 466 S.E.2d 607, 609 (1995) (quoting *S. Ry. Co. v. Decker*, 5 Ga. App. 21, 25, 62 S.E. 678, 680 (1908)), *rev'd on other grounds in Alexander v. Gen. Motors. Corp.*, 267 Ga. 339, 339, 478 S.E.2d 123, 123-24 (1996). Georgia's public policy exception applies when "the foreign statute is designed to redress an injury, but prescribes a form of redress which is

6

radically dissimilar to anything existing in [Georgia's] own system of jurisprudence." *Id.* (internal quotation marks omitted). The party seeking to invoke the exception bears the burden of demonstrating that it applies. *Id.*

Georgia's direct action statute is designed "to protect the public against injuries caused by the motor carrier's negligence," *Andrews v. Yellow Freight Sys., Inc.*, 262 Ga. 476, 476, 421 S.E.2d 712, 713 (1992), and "facilitate suit against, and liability of, [insurance] carriers." *Johnson*, 208 Ga. App. at 45, 429 S.E.2d at 704.

Alabama also has a direct action statute, but it requires the injured party to first obtain a judgment against the insured before bringing a direct action against the insurance carrier. Although different from Georgia's statute, Alabama's direct action statute is not "radically dissimilar." *Alexander*, 219 Ga. App. at 661, 466 S.E.2d at 609. An injured party, in both Alabama and in Georgia, can sue an insurance carrier directly to recover for their losses. Alabama simply adds an additional step to such actions: An injured party must first obtain a judgment against the policyholder, and then sue the insurance carrier. *See* Ala. Code § 27-23-2 ("[I]f the judgment [against the insured] is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the . . . insurer to reach and apply the insurance money to the

satisfaction of the judgment."); *Brown*, 894 So. 2d at 648 (internal quotation marks omitted) ("The injured party, however, can bring an action against the insurer only after he has recovered a judgment against the insured"); *Wiggins v. State Farm Fire & Cas. Co.*, 686 So.2d 218, 220 (Ala. 1996) (concluding that an injured party can bring a direct action against an insurance carrier, as long as he first receives a judgment against the insured).   Thus, Alabama law still achieves the policy goal of facilitating suits against insurance carriers.

In sum, Alabama's direct action statute "is not radically dissimilar to Georgia law but rather pursues a similar public policy by somewhat different methods." *Alexander*, 219 Ga. App. at 662, 466 S.E.2d at 610.   The Court therefore finds that Georgia's public policy does not prevent the application of Alabama law in this case.

## CONCLUSION

Alabama law governs this dispute.   And under Alabama law, Donaldson cannot, at this time, sue Old Republic directly. Accordingly, this action is dismissed without prejudice.

IT IS SO ORDERED, this 11th day of May, 2015.

S/Clay D. Land
_____
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA